### CITY OF FORT LAUDERDALE v. NATIONAL ASSOCIATION for the ADVANCEMENT OF COLORED PEOPLE, et al.
No. C-61-3082.

Circuit Court, Broward County.

July 11, 1962.

Kelley, Tompkins & Griffin, Fort Lauderdale, for plaintiff.

G. E. Graves, Miami, and Frank D. Reeves, Washington, D. C., for defendants.

TED CABOT, Circuit Judge.

Final hearing in this cause was held for three days beginning December 13, 1961, and the court has considered the testimony and documentary proofs submitted by the parties, the oral argument of counsel made May 18, 1962, and the written briefs filed, and is otherwise advised in the premises.

The complaint alleges that the plaintiff maintains an unsegregated public beach but that these defendants have carried on a course of conduct and conspiracy, alleging more than twenty acts in furtherance thereof, centering around a program of "wade-ins" at said beach for the unlawful purpose of precipitating public turmoil and breach of the peace so that these defendants might charge the plaintiff with the responsibility therefor and thus further their claims of discrimination against the colored race, and that the same constitutes a public nuisance, is a clear and present danger to the peace and personal liberties of all the inhabitants of the city, including the right of all to peaceful and equal use of the public beach. Thus the complaint seeks by injunction to restrain the acts of the defendants as alleged in order to insure equal protection of the laws to all the inhabitants of plaintiff city.

The question presented is whether upon consideration of all the evidence adduced at final hearing, the plaintiff city has sustained its burden of proving that the acts of the defendants constitute such a clear and present danger to the peaceful use of the public beach to all the city's inhabitants, or constitutes a public nuisance, so as to entitle the plaintiff to an injunction as prayed for, or to any part thereof, and thus restrict defendants' rights of freedom of speech and assembly, due process and equal protection of the law under the state and federal constitutions.

We hold that the plaintiff city has failed to carry its burden of proving that the acts of the defendants are such a threat to the peaceful and equal use of the public beach by all the inhabitants of the city, under either of said two theories, so as to entitle the plaintiff to the injunctive relief prayed for as against the defendants Eula Johnson, Von D. Mizell, Robert Saunders and the National Association for the Advancement of Colored People.

The plaintiff having made out a prima facie case, however, it is entitled to the injunctive relief sought as against those defen-

dants against whom decrees pro confesso have been entered, to-wit: Roger F. Wolf, J. H. Keathley and Florida States Rights, Inc., who failed to answer the complaint, and Callas Brown, who failed to answer plaintiff's interrogatories.

Accordingly, it is ordered, adjudged and decreed —

That the complaint be and the same is hereby dismissed as to defendants, Eula Johnson, Von D. Mizell, Robert Saunders, and the National Association for the Advancement of Colored People, a New York corporation doing business in Florida, and the plaintiff shall take nothing by its plaint as against said defendants; and the said defendants shall go hence without day and shall have their costs to be later taxed against the plaintiff.

That the defendants, Roger F. Wolf, J. H. Keathley, Florida States Rights, Inc., and Callas Brown, be and they hereby are enjoined and restrained from using or sponsoring use of the City of Fort Lauderdale's public beach for the purpose of creating a breach of the peace or public disturbance; and the plaintiff shall have its costs to be later taxed as against said defendants.